64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne Eugene COOK, a/k/a Craig S. Cook, Defendant-Appellant.
 No. 94-5815.
 United States Court of Appeals, Fourth Circuit.
 Aug. 17, 1995.
 
 James K. Bredar, Federal Public Defender, Joseph A. Balter, Supervisory Asst. Federal Defender, Baltimore, MD, for appellant.
 D.Md.
 AFFIRMED.
 Lynne A. Battaglia, U.S. Atty., Ethan L. Bauman, Asst. U.S. Atty., Baltimore, MD, for appellee.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dwayne Eugene Cook appeals from a district court sentence imposed after remand. We affirm.
 
 
 2
 Cook raises three points on appeal. First, he contends that his offense level should have been 33 rather than 34. The two offense levels have overlapping incarceration ranges, and the district court stated during sentencing that it would impose a 262-month sentence under either offense level. Thus, Cook's first claim presents no issue for appeal. United States v. White, 875 F.2d 427, 433-34 (4th Cir.1989).
 
 
 3
 Second, Cook claims that the district court erred in not giving him an adjustment for acceptance of responsibility. Cook claims that he went to trial only to contest his guilt with respect to the two most serious of the five indictment counts. Cook was acquitted on these two counts. However, after receiving acquittals on these two counts, Cook continued to contest his guilt on the other three counts; thus, he did not accept responsibility for the crimes of conviction. The district court did not err in denying an acceptance of responsibility adjustment. See United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1, comment. (n.2) (Nov.1993).
 
 
 4
 Third, Cook claims that the district court erred in not departing from the guideline range. Cook claims that his 51-month May 1992 sentence created a reasonable sentencing expectation that was frustrated by the 262-month October 1994 sentence. Although the district court did state that the departure was not available as a matter of law, it also held that it would not depart on this ground even if it had the discretion to do so. Thus, the decision denying departure is unreviewable. See United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 5
 Cook's claims are without merit, and we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.